UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE D. MOORE,

      Plaintiff,

v.                                        Case Number: 09-CV-11500
                                             Honorable Denise Page Hood

FARMER JOHN'S MARKET, *et. al.*,

      Defendants.

_____/

## OPINION AND ORDER DISMISSING COMPLAINT AND CONCLUDING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH

### I.  INTRODUCTION

      Plaintiff George D. Moore, a Michigan prisoner currently incarcerated at the Charles Egeler Reception and Guidance Center in Jackson, Michigan, filed a *pro se* Civil Rights Complaint, pursuant to 42 U.S.C. § 1983.  In his *pro se* Complaint, Plaintiff alleges that, on or about March 3, 2006, he entered the Farmer John's Market at 9731 Harper in Detroit, Michigan, and stole some property.  He states that as he was leaving the store, Sonya Moore, a cashier, attempted to stop him.  Plaintiff says that he was eventually stopped in the parking lot by the store's security agents, whom he names as  "John Does."

      According to Plaintiff, the store's security agents assaulted him and, as a result of that assault, he received a head injury.  It is Plaintiff's position that he then had a stroke, while in the custody of Defendant Michigan Department of Corrections ("MDOC").  Plaintiff contends that the MDOC and its Director, Pat Caruso did nothing to assist him while he was having a stroke. He however fails to state what it was that they failed to do.  Plaintiff seeks monetary damages.

      After a careful review of the Complaint, the Court dismisses it for failure to state a claim

upon which relief may be granted.  The Court also concludes that an appeal cannot be taken in good faith.

## II.  DISCUSSION

### A.  Failure to state a claim

Plaintiff has been granted *in forma pauperis* status.  Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321-71, as amended, 42 U.S.C. § 1997e *et seq.*, the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B).  The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks relief from a defendant who is immune from suit.  *See* 28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis either in law or in fact.  *See Denton v. Hernandez*, 504 U.S. 25, 31, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S. Ct. 1827, 104 L .Ed. 2d 338 (1989).

To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity.  *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57, 98 S. Ct. 1729, 56 L. Ed. 2d 185 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996).  A *pro se* civil rights complaint is to be construed liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 519, 30 L. Ed. 2d 652 (1972); *Jones v. Duncan*, 840 F.2d 359, 361

(6th Cir. 1988).

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). Because § 1983 is a vehicle for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citing *Graham v. Connor*, 490 U.S. 386, 394 (1989)).

In this case, despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that Plaintiff's Complaint is subject to summary dismissal.

    1.    <u>Non-state actors–Defendants Farmer John's Market, Sonya Moore, cashier at Farmer John's, and two unnamed "John Does," security agents at Farmer John's</u>

In order to set forth an arguable claim, a civil rights complaint must also allege that the plaintiff's constitutional rights were violated by a person acting under color of state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982) (conduct must be "fairly attributable to the State"). Private citizens are ordinarily not state actors. Plaintiff's § 1983 Complaint is frivolous as to Defendants Farmer John's Market, Sonya Moore, cashier at Farmer John's, and two unnamed "John Does," security agents at Farmer John's, because they are private individuals, organizations, or corporations not acting under color of state law. *Id.* Plaintiff's claims as to those Defendants are therefore dismissed.

    2.    *Respondent Superior* Claim Against Defendant Pat Caruso

Plaintiff's claims against Defendant Pat Caruso must be dismissed because Plaintiff

3

failed to allege facts demonstrating her personal involvement in the events giving rise to his

Complaint.  It is well-established that a civil rights plaintiff must allege the personal involvement

of a defendant to state a claim under 42 U.S.C. § 1983.  *See*, *e.g.*, *Monell v. Dep't of Soc. Serv.*,

436 U.S. 658, 691-92, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978) (section 1983 liability cannot be

based upon a theory of *respondeat superior*); *See also Bellamy v. Bradley*, 729 F.2d 416, 421

(6th Cir.), *cert. denied*, 469 U.S. 845(1984) (holding that there must be a showing that the

supervisor encouraged the specific incident of misconduct or in some other way directly

participated in it).  Supervisory liability under § 1983 is precluded even if the supervising entity

is aware of improper activity of its subordinates and fails to act.  *Poe v. Haydon*, 853 F.2d 418,

429 (6th Cir. 1988).  It must be shown that the supervisory officials "actively participated in or

authorized" the illegal activity.  *Id.*; *see also Taylor v. Michigan Dep't of Corr.*, 69 F.3d 76, 80-

81 (6th Cir. 1995) (plaintiff must allege facts showing that defendant participated, condoned,

encouraged, or knowingly acquiesced in alleged misconduct to establish liability).

Plaintiff has not done so with respect to this Defendant.  The mere fact that Ms. Caruso

may have supervisory authority over the other Defendants, may have been aware of his

complaints, or may have denied his grievances is insufficient to state a claim for relief under

§ 1983.  Against that backdrop, Plaintiff's claims against this Defendant must therefore be

dismissed.

        3.    <u>Medical Claims</u>

In reading Plaintiff's complaint broadly, Plaintiff appears to be arguing that Defendants

Mr. Phillip Payne, R.N. and Agent "John Doe" have failed to provide him with proper medical

attention regarding the stroke that he suffered as a result of the alleged assault sustained from the

"John Doe" Security Agents at the Farmer John's Market.  However, Plaintiff fails to articulate how they have failed to provide him with the proper medical care.

The United States Supreme Court has held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,'... proscribed by the Eighth Amendment."  *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976).  The deliberate indifference standard requires an inmate plaintiff to show that prison official defendants acted with a reckless disregard of a known risk of serious harm to the prisoner.  *Farmer v. Brennan*, 511 U.S. 825, 835-36, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994).  A plaintiff may establish deliberate indifference by a showing of grossly inadequate medical care.  *See Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002).

In this case, however, Plaintiff has made no such showing.  Plaintiff alleges no facts to show that the Defendants acted with deliberate indifference or intentionally acted to cause him injury or pain with respect to his medical care.  His Complaint is simply devoid of any facts regarding his medical condition, his medical treatment or lack thereof, or any deliberate or intentional conduct by Defendants Mr. Phillip Payne, R.N., and Agent "John Doe."  Conclusory allegations are insufficient to state a civil rights claim.  *See*, *e.g.*, *Leon T. v. Federal Reserve Bank of Chicago*, 823 F.2d 928, 930 (6th Cir.1987).  Therefore, Plaintiff's Complaint against these Defendants must also be dismissed.

## III.    CONCLUSION

For the reasons stated, the Court concludes that Plaintiff has failed to state any claims upon which relief may be granted under 42 U.S.C. § 1983.  Accordingly, the Court **DISMISSES** Plaintiff's Complaint **WITHOUT PREJUDICE**.  Additionally, the Court concludes that an

appeal from this order would be frivolous and therefore cannot be taken in good faith.  *See* 28

U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997)

(overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 918-19, 166 L. Ed.

2d 798 (2007)).

   **IT IS SO ORDERED**.


        S/Denise Page Hood      
        Denise Page Hood
        United States District Judge

Dated:  April 30, 2009

   I hereby certify that a copy of the foregoing document was served upon George D. Moore, Reg. No. 322262, 3855 Cooper St., Jackson, MI 49201 and counsel of record on April 30, 2009, by electronic and/or ordinary mail.

        S/William F. Lewis       
        Case Manager